[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action for dissolution of marriage filed by the plaintiff husband on October 2, 1998 on the ground of irretrievable breakdown. An answer and cross complaint were filed by the defendant wife on October 30, 2000 in which the defendant also seeks a dissolution of the marriage on the ground of irretrievable breakdown. Additionally, the defendant seeks a restoration of her former name, Nichols.
A trial was held on December 6, 2000. Both parties were present and both were represented by counsel. Testimony was heard from both the plaintiff and the defendant and several documents were entered into evidence during the trial. Based upon the evidence presented, and after assessing the credibility of the witnesses, the court finds the following facts to have been proven.
The parties were intermarried on October 17, 1992 in Manchester, Connecticut. They have resided continuously within the State of Connecticut for at least 12 months before filing these complaints. No minor children have been born of the marriage and neither party is receiving local, state nor federal assistance. The court finds that it has jurisdiction over the parties and the marriage and that all statutory stays have expired.
The plaintiff is a 36-year-old high school graduate who is self educated in the field of computers. He is self employed as computer CT Page 15409 consultant with a net weekly income of approximately $245. He is in good health. The defendant is a 36-year-old high school graduate, in good health, who attended a community college for about 1 1/2 years. She is employed as a support specialist with the PRC Software Development Company with a net weekly salary of approximately $430.
Prior to their marriage, the parties purchased a house located in Manchester, Connecticut for $114,500. In order to finance the purchase, they obtained a mortgage loan in the amount of $90,000. Additionally, the plaintiff borrowed $23,000 from his parents. A promissory note, which is signed only by the plaintiff, required him to repay to his parents the $23,000 plus 8 1/2% interest at the rate of $471.88 per month. (Exhibit 1) The parents subsequently waived the repayment of $3775.04 of the loan as a wedding gift.
The evidence is clear and undisputed that when the plaintiff's parents gave him the $23,000, they also certified to the bank providing the mortgage loan that the $23,000 was a gift to the plaintiff. They did so because the bank was unlikely to have approved the loan to the parties if it was aware of the loan from the parents. There is no credible evidence that the defendant had anything to do with or knew of that deception.
In addition, at the time of the closing on the house, the parties signed a document entitled "Letter Agreement — Shared Equity" in which they agreed that they would own the property as tenants in common with 70% of the house owned by the plaintiff and 30% owned by the defendant. (Exhibit 2) That document also provides that the parties will share the mortgage costs, expenses, and equity in the property on the same percentage basis. There is no credible evidence that the defendant was coerced into signing this agreement, nor is there any credible evidence that she did not understand what she was agreeing to in signing the agreement. The parties sold the marital property on August 31, 2000 resulting in a return to the parties of approximately $8200.
While there is no clear cause for the demise of this marriage; however, what is clear to the court is that the following incidents are related to the breakdown. The plaintiff admitted that he had a substance abuse problem during the marriage and that he used cocaine for a period of time. He entered substance abuse programs to deal with this problem. The defendant left the marital home in February 1998 after finding what she called love letters to her husband from another male, and after an incident of domestic violence between the parties.
The plaintiff's assets consist of a 1993 Nissan automobile, savings and checking accounts with a total balance of approximately $5,000, and a deferred compensation fund with a value of $9,100. His liabilities CT Page 15410 include $7,100 owed to the Internal Revenue Service, and credit and credit card accounts of approximately $10,885. Additionally, he still owes his parents approximately $16,500 on the promissory note.
The defendant's assets consist of a 1993 Nissan automobile, savings in the amount of $192, and furniture valued at $1,600. The defendant is also in possession of the $8,218 realized from the sale of the marital house. Her liabilities include $1,447 owed to the Internal Revenue Service as well as approximately $7,667 in credit and credit card debts.
After considering all of the statutory criteria, including but not limited to § 46b-81 and § 46b-82 the court enters the following orders.
1. A degree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown, all the allegations of the complaint having been proven.
2. Neither party has requested alimony and alimony is not awarded to either party. Both individuals are relatively young, gainfully employed, in good health and capable of supporting themselves.
3. Each party shall be solely responsible for the debts and liabilities shown on his and her financial affidavits dated December 6, 2000, and shall hold the other harmless for the same.
The plaintiff seeks to have the court order the defendant to share in the repayment of the loan obtained by the plaintiff from his parents for the down payment on the marital house. The court notes that the plaintiff is the only party who signed the note. Thus, the plaintiff is solely responsible for repaying that obligation. Additionally, the court concludes that the plaintiff and his parents engaged in what charitably can be described as questionable conduct when they certified to the bank that the $23,000 used as the down payment for the purchase of the house was a gift when approximately $19,000 of the money was actually a loan, and not a gift. That was an intentional act of deception involving a material fact. A court of equity should not reward someone for engaging in deceptive behavior. Accordingly, the debt represented by the promissory note given by the plaintiff to his parents shall be the plaintiff's sole debt and responsibility and he shall hold the defendant harmless on that obligation.
4. The plaintiff shall receive 70% and the defendant shall receive 30% of the $8200 in net proceeds from the sale of the marital house. That percentage is what the parties agreed upon when they purchased the house and, based upon the facts and circumstances of this case, the court finds CT Page 15411 this distribution of the proceeds from the sale of the marital home to be fair, reasonable, and equitable.
5. The defendant is awarded 50% of the plaintiff's deferred compensation fund as of December 6, 2000. The defendant's share shall be distributed to her through a Qualified Domestic Relations Order.
6. Each party shall retain the personal property, including automobiles, currently in their possession.
7. Each party shall be solely responsible for their own attorney's fees.
8. The defendant may resume the use of her birth name, Julie M. Nichols.
Plaintiffs' counsel shall prepare and submit a judgement file within thirty days of this decision and both counsel shall sign the judgement file.
Terence A. Sullivan Superior Court Judge